IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DONALD P. WENDT,

          Plaintiff,

         v.                              Civ. Action No.
                                            5:12-CV-0342 (GLS/DEP)

UNITED STATES DEPARTMENT OF
AGRICULTURE FARM SERVICE AGENCY,
et al.,

          Defendants.

_____

APPEARANCES:

DONALD P. WENDT, *Pro Se*
1435 Quaker Road
Macedon, New York 14502


DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT, RECOMMENDATION AND ORDER

    Presently before the court for review is an amended complaint filed by plaintiff Donald P. Wendt, who is proceeding *pro se* and was granted leave to proceed *in forma pauperis* ("IFP"). Having carefully reviewed

1

plaintiff's amended complaint and concluded that it fails to rectify the fatal deficiencies in plaintiff's original pleading that were identified in my report and recommendation of May 2, 2012, I recommend that the amended complaint be dismissed.

I. <u>BACKGROUND</u>

Plaintiff filed this action on February 28, 2012 against the United States Department of Agriculture ("USDA"), three agencies within the USDA, and fourteen of its employees, alleging a host of both tort and breach of contract claims, apparently related to the administration and termination of a contract between plaintiff and the USDA, seeking compensatory and punitive damages in an unspecified amount. Dkt. No. 1. Along with his complaint, plaintiff filed an application to proceed IFP. Dkt. No. 2.

Following my initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915, I issued a report to Chief Judge Gary L. Sharpe, who is assigned to the matter, recommending that the complaint be dismissed in its entirety, with leave to replead. *See* Dkt. No. 5. That recommendation was based upon the fact that even when broadly construing plaintiff's complaint and affording him the special leniency to which he is entitled as

a *pro se* litigant, I could not identify a plausible claim within this court's jurisdiction. *Id.* Though it seemed possible that plaintiff could allege a breach of contract claim within the court's jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1), in his original pleading plaintiff failed to show that the value of any such claim was $10,000 or less, and thus within the court's jurisdiction.[1] Moreover, with respect to plaintiff's claims for misrepresentation, fraud, and intentional interference with contract, as well as those against the named agencies and individual defendants, it was clear to me that the court lacks subject matter jurisdiction over those claims. *See* Dkt. No. 5 at 14-16.

Adopting my recommendation in full, by order dated May 24, 2012 Chief Judge Sharpe dismissed plaintiff's complaint in its entirety, with prejudice as to any claims for misrepresentation, fraud, and intentional interference with contract alleged under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, as well as those against the named agencies and individual defendants, and otherwise providing

---

[1] As noted in my report and recommendation of May 2, 2012, for claims exceeding $10,000 "the Tucker Act vests exclusive jurisdiction in the Court of Federal Claims." *Spinale and G & T Terminal Packaging Co., Inc. v. United States Dep't of Agric.*, No. 05 Civ. 9294(KMV), 2007 WL 747803, at *2 (S.D.N.Y. 2007) (citing 28 U.S.C. § 1346(a)(2)).

3

plaintiff with leave to file an amended complaint within thirty days.  Dkt. No. 6.  Plaintiff filed an amended complaint on August 2, 2012, which the clerk has forwarded to me for review.[2]  Dkt. 11.

II.     DISCUSSION

As was explained in my earlier report and recommendation, jurisdiction is threshold question and one that the court may raise *sua sponte*; where jurisdiction is lacking, "dismissal is mandatory."  *United Food & Commercial Workers Union, Local 919, AFL-CIO v. Centermark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed.R.Civ.P. 12(h)(3).  Plaintiff's amended complaint is essentially the same as his original filing except for the addition of three paragraphs providing additional factual detail regarding his agreement with the USDA and the fact that he seems to have parsed out the claims he has alleged against the defendants in the "cause of action" section of his amended complaint, whereas these same claims were grouped into paragraphs in his original pleading.  *See* Amended Complaint (Dkt. No. 11) ¶¶ 20-23 and

---

[2]     Construing plaintiff's June 1, 2012 filing as an objection to my report and recommendation, Chief Judge Sharpe declined to rescind his previous order adopting my recommendation in full, but afforded plaintiff thirty days from the date of that decision to file an amended complaint.  *See* Dkt. No. 10.

pp. 13-20.  Plaintiff's amended complaint otherwise appears identical to the original complaint.

Plaintiff's claims for misrepresentation, fraud, and intentional interference with contract under the FTCA and those against the named defendants and agencies have already been dismissed with prejudice.  As a result, the only potential claim remaining is one for breach of contract under the Tucker Act.  While providing more facts regarding the terms of the contract at issue, plaintiff has still failed to specify the amount of damages he claims, or to establish that his breach of contract claim does not exceed $10,000.  Plaintiff therefore still has failed to establish this court's jurisdiction.  Indeed, based upon plaintiff's new allegations regarding the terms of his contract with the USDA, it seems even more likely that this matter is within the exclusive jurisdiction of the Court of Claims.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend *at least* once if there is any indication that a valid claim might be stated. *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991) (emphasis added); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires");

*see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief). "However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend." *DeViver v. Bardot*, No. 8:09-CV-0925, 2009 WL 3672084, at *3 (N.D.N.Y. Oct. 30, 2009) (Suddaby, J.) (citing cases) (footnote omitted). In this instance, plaintiff has been apprised of the legal shortcomings of his initial complaint and afforded the opportunity to file an amended complaint. In doing so, however, he has failed to cure the fatal deficiencies identified in his original pleading. For this reason, I recommend dismissal without a further opportunity to amend.

III. <u>CONCLUSION</u>

For all the foregoing reasons, as well as those set forth in my report and recommendation of May 2, 2012, I find that plaintiff's amended complaint fails to set forth a plausible claim under which this court may properly exercise jurisdiction and should be dismissed, without leave to amend. Accordingly, it is hereby respectfully

RECOMMENDED that plaintiff's amended complaint (Dkt. No. 11)

be DISMISSED in its entirety, without leave to amend.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

ORDERED that the clerk of the court serve a copy of this report, recommendation, and order upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:     August 13, 2012
           Syracuse, NY

7