**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONALD P. WENDT,**

                              **Plaintiff,**             **5:12-cv-342**
                                                  **(GLS/DEP)**

       **v.**

**UNITED STATES DEPARTMENT**
**OF AGRICULTURE FARM**
**SERVICE AGENCY et al.,**

                            **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Donald P. Wendt
Pro Se
1435 Quaker Road
Macedon, NY 14502

**FOR THE DEFENDANTS**:
NO APPEARANCE[1]

**Gary L. Sharpe**
**Chief Judge**

### <u>MEMORANDUM-DECISION AND ORDER</u>

### I. <u>Introduction</u>

    Plaintiff *pro se* Donald P. Wendt commenced this action against the

_____

    [1] Service on defendants has not yet been permitted as this case comes to the court as part of the preliminary review under 28 U.S.C. § 1915.

United States Department of Agriculture and fourteen of its employees,

alleging various tort and contract claims.  (*See* Compl., Dkt. No. 1.)  In a

Report-Recommendation and Order (R&R) filed May 2, 2012, Magistrate

Judge David E. Peebles recommended that Wendt's Complaint be

dismissed in its entirety, with leave to renew all of his claims except his

misrepresentation, fraud and intentional interference with contract claims

under the Federal Tort Claims Act (FTCA).  (*See generally* R&R, Dkt. No.

5.)  On May 24, 2012, the court, in the absence of any objections from

Wendt, entered an Order adopting the R&R.  (*See* Dkt. No. 6.)  However,

on June 1, 2012, after receiving this court's Order, Wendt filed a letter brief

in which he took exception with the R&R.  (*See* Dkt. No. 9.)  The court

construed that brief as an objection to the R&R, but ultimately, declined to

rescind its previous Order.  (*See* Dkt. No. 10.)  Nevertheless, Wendt was

granted additional time to file an amended complaint, which he has since

done.  (*See* Dkt. No. 10 at 4; Am. Compl., Dkt. No. 11.)

Following Judge Peebles' review of the Amended Complaint, he

issued a new R&R, in which he recommends that Wendt's Amended

Complaint be dismissed.  (*See* 2d R&R at 6-7, Dkt. No. 12.)  Pending are

Wendt's objections to the new R&R.  (*See* Dkt. Nos. 13, 14.)  For the

reasons that follow, the new R&R is adopted in its entirety, and Wendt's

Amended Complaint is dismissed without leave to renew.

## II.  Standard of Review

Before entering final judgment, this court routinely reviews all report-

recommendation and orders in cases it has referred to a magistrate judge.

If a party has objected to specific elements of the magistrate judge's

findings and recommendations, this court reviews those findings and

recommendations *de novo.*  *See Almonte v. N.Y. State Div. of Parole*, No.

Civ. 904CV484GLS, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).

Where no party has filed an objection, only vague or general objections are

made, or a party resubmits the same papers and arguments already

considered by the magistrate judge, this court reviews the findings and

recommendations of the magistrate judge for clear error.  *See id.* at *4-5.

## III.  Discussion

Albeit counterintuitive, Wendt's objections actually provide further

support for Judge Peebles' recommendation.  This is so because the

principal defect identified by Judge Peebles is that the amount in

controversy on the breach of contract claim exceeds $10,000, and thus,

pursuant to the Tucker Act, may only be brought in the Court of Claims.

3

(*See* 2d R&R at 5.)  Rather than presenting evidence to minimize his claim, Wendt states damage estimates ranging from $150,000 to $450,000.  (*See* Dkt. No. 14 ¶¶ 4-5.)  Likewise, his allegation that the purportedly breached contract was worth $89,254.30 only furthers Judge Peebles' conclusion. (*Id.* ¶¶ 4, 6.)  Despite his continued dissatisfaction with the court, Wendt failed to reference any specific errors in Judge Peebles' new R&R, and/or cure the jurisdictional defect which prevents *this* court from adjudicating his claim.[2]  (*See generally id.*)  As they were before, Wendt's bald assertions of wrongdoing are insufficient to warrant *de novo* review.  *See Almonte*, 2006 WL 149049, at *4-5.  As such, having found no clear error in the new R&R, the court adopts it in its entirety.

## IV.  Conclusion

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Magistrate Judge David E. Peebles' August 13, 2012 Report-Recommendation and Order (Dkt. No. 12) is **ADOPTED** in its entirety; and it is further

ORDERED that Wendt's Amended Complaint (Dkt. No. 11) is

---

[2]  Should he wish pursue his claim, Wendt would be well-served by carefully reading footnote 1 of Judge Peebles' second R&R.

**DISMISSED** without leave to renew; and it is further

  **ORDERED** that the Clerk close this case; and it is further

  **ORDERED** that the Clerk provide a copy of this Memorandum-

Decision and Order to the parties by certified mail.

**IT IS SO ORDERED.**

September 5, 2012
Albany, New York

Gary L. Sharpe
Chief Judge
U.S. District Court